# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ANTHONY WINDER                                                                                                     **PLAINTIFF**

V.                                                                            **NO. 4:15-CV-00055-DMB-JMV**

BURKE J., ET AL.                                                             **DEFENDANTS**

## ORDER OF DISMISSAL

Before the Court is the Report and Recommendation of United States Magistrate Judge Jane M. Virden dated January 4, 2016, Doc. #15; and Anthony Winder's objections filed in response, Doc. #17.

In the Report and Recommendation, Judge Virden recommends that Winder's denial of medical care claim be dismissed for failure to state a claim upon which relief may be granted. Doc. #15. In recommending dismissal, Judge Virden concluded that because Winder "has been treated repeatedly for his condition; he simply disagrees with the diagnosis and the course of treatment," Winder's claims of malpractice or negligence do not support an Eighth Amendment violation for the denial of adequate medical care. *Id.* at 4.

Winder's objections to the Report and Recommendation are either conclusory or simply mirror the allegations in his complaint and *Spears* hearing testimony. It is not sufficient for Winder merely to assert his belief that Defendants acted with deliberate indifference, as his subjective belief regarding Defendants' conduct does not control the constitutional inquiry. *See, e.g., Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted) (complaint containing mere "labels and conclusions, or a formulaic recitation of the elements of a cause of action" is insufficient to state a claim). Rather, the denial of medical care by a prison official violates the Eighth Amendment "when [the official's]

conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

In this case, Winder's allegation of deliberate mistreatment is inconsistent with the course of treatment he has admittedly received. *See, e.g., Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (history of medical treatment belied plaintiff's claim of deliberate indifference to medical needs); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990) (noting inconsistency between plaintiff's allegations that he was denied medical treatment and statement that he was escorted to prison infirmary). Accordingly, Winder's objections are without merit.

It is, therefore, **ORDERED** that:

1. Winder's objections to the Report and Recommendation are **OVERRULED**;
2. The Report and Recommendation [15] dated January 4, 2016, is **APPROVED AND ADOPTED** as the opinion of the Court;
3. This case is **DISMISSED** with prejudice for failing to state a claim upon which relief can be granted, counting as a "strike" under 28 U.S.C. §§ 1915(e)(2)(B) and 1915(g); and
4. This case is **CLOSED**.

**SO ORDERED**, this 25th day of May, 2016.

/s/ Debra M. Brown  
**UNITED STATES DISTRICT JUDGE**